UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| RICKEY CALHOUN, | No. C08-5744 RJB/KLS |
|---|---|
| Plaintiff, | ORDER REGARDING PLAINTIFF'S MOTIONS TO COMPEL, FOR WRITTEN DEPOSITIONS AND FOR CONTINUANCE |
| v. | |
| PETER ROBINSON, *et al.*, | |
| Defendants. | |

Before the Court are Plaintiff Rickey Calhoun's motions to compel the production of documents (Dkt. 31), for written depositions of non-defendants (Dkt. 33), to stay dispositive motions until discovery is conducted (Dkts. 43, 45 and 48), and second motion for extension of time to conduct discovery (Dkts. 49 and 50). Having considered the motions, Defendants' responses (Dkts. 40, 42, 47, 51, 62 and 63), and balance of the record, the Court finds and ORDERS as follows:

## I. BACKGROUND

Mr. Calhoun is a resident of the Special Commitment Center (SCC) at McNeil Island. Dkt. 31, p. 1. He sues Peter Robinson (a resident rehabilitation counselor), Kent Ruby (a substance treatment coordinator), Latoya Holmes-Ware (hearing officer of the Administrative Review Hearing panel), and Jamele Anderson (a resident rehabilitation counselor), in this § 1983 action for retaliation. Mr. Calhoun alleges that these SCC employees harassed and retaliated against him after he complained and was returned a floppy disk that had been improperly

ORDER ON DISCOVERY MOTIONS - 1

confiscated from him, by subjecting him to unauthorized urine analyses (U/A's), issuing behavioral management reports (BMR's), and searching his room each time he refused a U/A. Dkt. 9, p. 7. Plaintiff alleges that the retaliation is in violation of a previous agreement entered into between his attorney and the Attorney General's Office that any future BMR, room search and/or U/A would be authorized by Walter Weinberg. *Id.*, p. 6. Plaintiff further alleges that Defendants treated him differently than other residents who have refused U/A's in that they did not receive the same harsh punishment to which he was subjected. *Id.*, p. 9.

## II. DISCUSSION

### A. Plaintiff's Motion to Compel Production of Documents – Dkt. 31

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request ... to inspect and copy any designated documents ... which are in the possession, custody or control of the party upon whom the request is served." Fed.R.C.P. 34(a)(1).

Generally, discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Relevancy in the discovery context has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that bear on, any issue that is in the case. See *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). Therefore, a discovery request directed at discovering a matter which is not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Federal Rule of Civil Procedure 26(b)(1). See *id.* Consistent with this rule, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. See

*id.* at 351. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits. See *id*.

Discovery may not be obtained regarding matters which are privileged. See Fed.R.Civ.P. 26(b)(1). Thus, if a discovery privilege exists, information may be withheld, even if relevant to the case. See *Baldridge v. Shapiro*, 455 U.S. 345, 360 (1982). The question of privilege is determined by reference to the Federal Rules of Evidence. See *Campbell v. Gerrans*, 592 F.2d 1054, 1056 (9th Cir.1979). Generally, questions of privilege "shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Fed.R.Evid. 501; see also *Kelly v. City of San Jose*, 114 F.R.D. 653, 655 (N.D.Cal.1987) ("At the outset it is important to emphasize that in a civil rights case brought under federal statutes questions of privilege are resolved by federal law."). This does not mean, however, "that federal courts should wholly ignore state laws, or rights recognized by state governments, when analyzing privilege issues in civil rights cases." *Kelly*, 114 F.R.D. at 655. Rather, it is appropriate for the court to conduct a balancing test, slightly pre-weighted in favor of disclosure, balancing the public interest in disclosure against the interest of maintaining the security of the prison, its staff and inmates as well as the defendant's right to privacy. See *Kelly*, 114 F.R.D. at 661-663.

Mr. Calhoun seeks the production of documents requested in his June 2009 requests for production (RFP), Nos. 1, 6, 9, 17-22. Defendants state that they have responded to Mr. Calhoun's requests appropriately in that they cannot produce documents that are not within their possession, control or custody because they are merely employees of SCC who have no legal right to remove state documents or papers belonging to the SCC. Dkt. 40, p. 1.

ORDER ON DISCOVERY MOTIONS - 3

Notwithstanding these objections, counsel for Defendants has obtained some records of the SCC through a records subpoena directed to the custodian of records of SCC. Dkt. 62, p. 2. Defendants provided copies of the documents received from the SCC to Mr. Calhoun. Dkt. 63-2, p. 1. The documents produced include a list of random U/A's to be conducted for the week of January 21, 2008, and BMR's written on Mr. Calhoun in January through October 2008. Dkt. 63.[1]

On September 23, 2009, Defendants filed a motion for summary judgment and in support, provided additional documents which are responsive to Mr. Calhoun's requests.[2] Defendant Latoya Holmes-Ware attaches a summary that she prepared of all similar U/A infractions in 2008. Dkt. 54, p. 5. The Microsoft Excel spreadsheet is attached as Exhibit 7 to Ms. Holms-Ware's declaration. Dkt. 54-8, pp. 1-20. The spreadsheet covers U/A infractions in 2008 and includes the hearing date, the infraction, the finding, and comments. *Id*. In his declaration, Mr. Byron Eagle testifies as to the method he developed for resident participation in random U/A's utilizing a computer program that generates random numbers. Dkt. 57, pp. 1-2.

The court addresses the parties' arguments concerning each of Mr. Calhoun's requests as follows:

**RFP 1: Defendants' personnel files, including promotions, demotions, complaints, any SCC/DSHS investigations, findings, sanctions, reasons for administrative leaves, reasons for termination or resignation, and any other documents relating to their employment history at SCC.**

---

[1] Defendants did not produce a copy of the records subpoena sent to SCC, so it is unknown what documents the SCC was requested to produce and/or whether the SCC withheld production of certain documents and on what basis documents may have been withheld.

[2] The court makes no determination as to the substance of Defendants' pending summary judgment motion, but notes only that certain information relevant to Plaintiff's requests for production may have now been provided to him.

ORDER ON DISCOVERY MOTIONS - 4

Plaintiff argues that the personnel files of SCC employees are not privileged information. Dkt. 31, p. 5. Defendants state that they do not have possession, custody or control of these documents and that they have no legal right to remove state documents or papers belonging to the SCC without due process of law. Dkt. 40, p. 3. Defendants also object to the production of their personnel files on privacy grounds. *Id.*, p. 3 n. 2.

Rule 34 allows a party to request another party to produce, among other things, documents, electronically stored information, and other tangible things. However, it limits the production request to "items in the responding party's possession, custody, or control." Fed. R. Civ. Pro. 34(a)(1). Regardless of whether the defendants have been sued in the "personal and professional capacities," the issue here is whether they have "control" of the documents.

"Control is defined as the legal right to obtain documents on demand." *FTC v. Braswell*, 2005 U.S. Dist. LEXIS 42817 at *8, 2005 WL 4227194 (C .D. Cal. Sept. 26, 2005) (citing *United States v. International Union of Petroleum and Industrial Workers*, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir.1989). For example, in *Lowe v. District of Columbia*, 250 F.R.D. 36, 38 (D.D.C.2008), the district court stated that, "[f]ormer employees of government agencies do not have 'possession, custody, or control' of documents held by their former employers." As a result, the court held that the former employee could not be required to produce the requested documents because they were not in his possession, custody, or control. *Id*.

The issue here is whether the Defendants, who are presently employed by the SCC, have the legal right to demand their own personnel files from their employer. If they have this control, then the personnel files must be produced absent some other basis for objection. The court is without sufficient information in this regard to make a determination on the issue of "control." Thus, Defendants are directed to provide the court with further briefing on the issue

ORDER ON DISCOVERY MOTIONS - 5

of whether the Defendants' personnel files are within their "control" and if so, why the files should not be available for review by the Plaintiff. The court will defer ruling on this request pending receipt of the additional briefing based on the schedule set forth below.

> **RFP 6: BMR's (Behavioral Management Reports) for all residents refusing urine samples (U/A's).**
>
> **RFP 17: All BMR's for residents found guilty of testing positive for drugs, in possession of drugs, failing a breathalyser test, in possession of or drinking "pruno," refusing drug/alcohol test (UA and/or BA) and copies of assignments to SCC six month intensive drug testing program.**
>
> **RFP 18, 19 and 20: Documents showing total of U/A's conducted in January – April 2009 and September – December 2008, and total positive U/A's for drugs in 2008.**

Plaintiff argues that the documents requested in RFP Nos. 6, 17, 18, 19 and 20 are not privileged and that the documents may be produced with the personal information of the residents redacted. Dkt. 31, pp. 5-6. He also argues that the computer generated lists of random U/A's are relevant to his allegation that the U/A lists were not random and that SCC had no system in place to randomly select residents for U/As or room searches. *Id.*, p. 6. As to the BMR's of other residents, Plaintiff argues that this information is relevant to his allegations that he was treated differently from other residents who refused U/A's, that the punishment he received was new and not part of the SCC BMR process, and that he was never given a sanction before January 1, 2008. *Id.*, pp. 6-7. As to the documents reflecting the number of U/A's conducted, Plaintiff argues that this information is not privileged and that the SCC can easily add up and total the U/A's. Plaintiff also states that Defendant Ruby already answered this question in his interrogatories. Dkt. 31, pp. 7-8.

Defendants argue that these documents are not within their possession, custody or control as these documents are the property of SCC. Dkt. 40, p. 3.

ORDER ON DISCOVERY MOTIONS - 6

The court agrees that Defendants do not have possession, custody or control over documents belonging to SCC and that Plaintiff has other legal means to obtain these documents through third party discovery procedures. Accordingly, the motion to compel responses to Plaintiff's request for production Nos. 6, 17, 18, 19 and 20 are DENIED.[3]

**RFP 9: Computer generated documents showing residents randomly selected for U/A's for January 1, 2006 through January 1, 2007.**

Plaintiff argues that these lists are not privileged and that the personal information of residents may be redacted prior to production. Plaintiff also argues that this information is relevant to his allegation that the U/A lists were not random and that SCC had no system in place to randomly selected residents for U/A's or room searches. Dkt. 31, p. 6.

Defendants argue that these documents are not within their possession, custody or control as these documents are the property of SCC. Dkt. 40, p. 3.

The court agrees that Defendants do not have possession, custody or control over documents belonging to SCC and that Plaintiff has other legal means to obtain these documents through third party discovery procedures. However, it is unclear how information relating to residents randomly selected for U/A's in 2006 is relevant to Mr. Calhoun's claim that he was retaliated against in 2008. Therefore, this request is DENIED.

**RFP 21 and 22: Investigation Packet used by Administrative Hearing Committee to find Plaintiff guilty of refusing UA in January 2007 and February 2008.**

Plaintiff argues that BMR's are not privilege and these BMR's were written against him. Dkt. 31, pp. 8-9.

---

[3] As noted above, one list of random U/A's that were to be conducted for the week of January 21, 2008 and Plaintiff's BMR's were provided to Plaintiff in the documents received through counsel's third party records subpoena directed to the SCC. Dkt. 63-2. As to the number of U/A's conducted in 2008, it appears that Defendant Holmes-Ware has calculated this information and included it in a spreadsheet attached to her declaration in support of defendants' motion for summary judgment. Dkt. 54, Exh. 7.

ORDER ON DISCOVERY MOTIONS - 7

It appears that this request has been satisfied by Defendants' production of documents received from the SCC. Dkt. 63-2. Therefore, Plaintiff's motion to compel this information is DENIED.

**B.     Plaintiff's Request for Special Master – Dkt. 31**

Plaintiff requests the appointment of a Special Master or neutral party for discovery in this matter, claiming that defendants are taking advantage of his pro se status and have control of all the evidence he seeks because he is a resident in their treatment facility. Dkt. 31, p. 9. Plaintiff also complains that the documents defendants produce will be so redacted that they will be useless as evidence. *Id.*, p. 10. He argues that the district court has discretion in appointment of a special master and may decide the extent of his duties. *Id.* (citing *Johnson Controls v. Phoenix Control Sys.*, 886 F.2d 1173, 1176 (9th Cir. 1989).

It is recognized that in order to maintain the trial and other action dates, discovery must proceed in an orderly fashion pursuant to the Federal Rules. Contention may defeat cooperation and effective discovery, and this process may be exacerbated when one party is pro se. However, a review of the parties' submissions on this motion (and other pending discovery motions), reveals no basis for the appointment of a special master. There is no evidence of intransigence and/or lengthy noncompliance with discovery requests. There is no evidence of any "exceptional condition" within the meaning of Rule 53(b) authorizing the appointment of a special master. Therefore, Plaintiff's request for a special master is DENIED.

**C.     Plaintiff's Motion for Written Depositions of Non-Defendants – Dkt. 33**

In this motion, filed prior to the close of discovery, plaintiff requests permission to depose three SCC employees, Walter Weinberg, Tanus Newton, and Byron Eagle. Dkt. 33, p. 2. These individuals are not named defendants in this case. Mr. Calhoun argues that Mr. Weinberg

ORDER ON DISCOVERY MOTIONS - 8

has information relating to the approval of BMR actions by other SCC managers; Ms. Newton was present for most of Plaintiff's U/A tests; and Mr. Eagle signed off on the U/A's and room searches. *Id.*, pp. 3-4.

In their original response to this motion, Defendants did not object to Plaintiff's request to depose Walter Weinberg and Tanus Newton, but objected to a second written deposition of Byron Eagle. Dkt. 42, p. 1. Defendants state that Plaintiff has already moved to depose Mr. Eagle for the same reason and for the same information in *Calhoun v. Galbraith, et al.*, No. C08-5101RBL/JKA (Dkt. 146 therein). Dkt. 42, pp. 1-2. Defendants subsequently advised the court that the written deposition notices received from Mr. Calhoun for the written depositions of Walter Weinberg and Tanus Newton are deficient in that proof of service was not provided to opposing counsel and upon inquiry, counsel for Defendants believes that Plaintiff has not had either of the non-parties personally served as required by Fed.R.Civ.P. 31(a)(3). On September 28, 2009, Plaintiff filed a "Notice of Deposition Upon Written Examination of Non-Defendants," stating that he mailed the written depositions to "SCC Legal Coordinator Becky Denny on Thursday, September 17, 2009." Dkt. 67, p. 1.

The court finds that Plaintiff shall be granted leave to complete the depositions by written questions of Walter Weinberg and Tanus Newton no later than November 20, 2009. As Plaintiff should be able to obtain the information he seeks from Mr. Eagle in an identical notice in Case No. C08-5101RBL/JKA, his request to take Mr. Eagle's deposition by written questions in this case is denied.[4]

---

[4] Mr. Calhoun was granted leave to take Mr. Eagle's deposition on written questions and given until September 13, 2009 to make arrangements for the taking of this deposition. Case No. C08-5101RBL/JRC (Dkt. 157 therein). If the deposition of Mr. Eagle does not take place or is unnecessarily delayed in that case, Mr. Calhoun should so advise the court in this case.

ORDER ON DISCOVERY MOTIONS - 9

With regard to the written depositions of Walter Weinberg and Tanus Newton, Fed. R. Civ. P. 31 provides that a party desiring to take a deposition upon written questions shall serve them upon every other party with a notice describing the person to be deposed and all questions, including cross redirect and re-cross. *See* Rule 31 and Advisory Committee Notes. Service is required so that all parties may be informed and able to fully participate in the proceedings. The parties need to follow Rule 31(a)(3) and (4). Once all questions for the deponent have been set forth, they are all to be provided to the person conducting the deposition (along with a copy of the notice of deposition), who records the answers. Once all the written questions have been exchanged pursuant to Fed. R. Civ P. 31(a)(4) as discussed above, Plaintiff must complete them with the names and addresses of the witnesses to be deposed and proceed as directed in Fed. R. Civ. P. 31(b). Plaintiff is advised that he must bear his own discovery costs, including service of subpoenas on third parties. The Clerk of the Court shall issue the subpoena, but it is up to the party to complete it before service. Fed. R. Civ. P. 45(a)(3).

The court strongly urges parties to confer and come to agreements as to (1) whether Plaintiff shall be required to serve Walter Weinberg and Tanus Newton by subpoena and (2) who shall serve as the "officer designated in the notice" who shall take the testimony of the witness in response to the questions and to prepare, certify and file or mail the deposition in the manner provided by Rule 30(c), (e) and (f), and (3) who shall be designated as the party to retain the originals of the answers to the written questions (with copies provided to the other party).

**D.     Plaintiff's Motion to Stay Dispositive Motions – Dkt. 43; Second Motion for Continuance of Discovery – Dkt. 49**

In these motions, Mr. Calhoun requests that the court issue a stay of any motion for summary judgment until Plaintiff is able to complete discovery. Dkt. 43, p. 1. Mr. Calhoun argues that he has not been provided the documents in his June 2009 requests for production

ORDER ON DISCOVERY MOTIONS - 10

discussed above. *Id*. Mr. Calhoun does not seek time to conduct additional discovery, but asks that he be provided with responses to his initial discovery requests. *Id.*, p. 4. Mr. Calhoun also requests that the court again extend the discovery deadline, presently set for September 22, 2009, until November 20, 2009.[5] Dkt. 49, p. 2. He states that he requires additional time because his motion to compel is pending, he still needs to depose the defendants, and defendants have subpoenaed records from the SCC records custodian without allowing him to be present. Dkt. 49, pp. 2-3.

On September 23, 2009, Defendants filed a motion for summary judgment (noted for October 16, 2009). Dkt. 52. As noted above, Mr. Calhoun has received the documents obtained from the SCC in response to Defendants' subpoena duces tecum. Dkt. 63-2. In addition, Mr. Calhoun completed the depositions of all the named defendants on September 17, 2009. Dkt. 62, p. 1. However, some discovery remains to be completed. As discussed above, Mr. Calhoun must complete the depositions upon written questions of Walter Weinberg and Tanus Newton. In addition, the court has directed Defendants to provide additional briefing as to "control" of their personnel files. Therefore, it is appropriate to extend the discovery deadline for the sole purpose of completing the discovery outlined above until November 20, 2009. For this reason, the court finds that Defendants' motion for summary judgment, presently noted for October 16, 2009 shall be re-noted for December 11, 2009.

In summary, it is **ORDERED as follows**:

(1) Plaintiff's motion to compel discovery (Dkt. 31) is **DENIED in part,** as set forth in this Order. Defendants are directed to provide the court with additional briefing as described herein as to Plaintiff's RFP No. 1 **on or before November 6, 2009**. The Plaintiff may file a response **on or before November 25, 2009**. This motion for discovery shall be noted for the Court's consideration on **November 25, 2009**.

---

[5] The court previously granted Plaintiff's unopposed motion to extend the discovery deadline from August 7, 2009 until the present deadline of September 22, 2009. Dkt. 30

ORDER ON DISCOVERY MOTIONS - 11

(2) Plaintiff's motion for the appointment of a special master (Dkt. 31) is **DENIED.**

(3) Plaintiff's motion for order to conduct written depositions on Defendants (Dkt. 33) is **GRANTED** as to Walter Weinberg and Tanus Newton, and **DENIED** as to Byron Eagle. Plaintiff must complete the depositions by written questions of Walter Weinberg and Tanus Newton **no later than November 20, 2009**.

(4) Plaintiff's motion to stay any motion for summary judgment (Dkt. 43) is **DENIED** as moot.

(5) Plaintiff's second motion for extension of discovery deadline (Dkt. 49) is **GRANTED** and the discovery deadline shall be extended until **November 20, 2009.**

(6) The clerk shall **re-note** Defendants' motion for summary judgment (Dkt. 52) for **December 11, 2009**. Plaintiff's brief and affidavits in opposition to the motion shall be filed and served by **December 7, 2009**; Defendants may file a response on or before **December 11, 2009.**

(7) The clerk shall send copies of this Order to Plaintiff and counsel for Defendants.

DATED this  12th  day of October, 2009.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge