UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICKEY CALHOUN,<br><br>                      Plaintiff,<br><br>  v.<br><br>PETER ROBINSON, *et al.*,<br>                      Defendants. | No. C08-5744 RJB/KLS<br><br>ADDITIONAL ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL (DKT. 31) |

On October 13, 2009, the court issued an Order addressing Plaintiff's motion (Dkt. 31) to compel production of documents. Dkt. 70. With regard to Plaintiff's request for the production of Defendants' personnel files (RFP 1), the court requested additional briefing from Defendants on the issue of whether their personnel files are within their "control." Dkt. 70, pp. 5-6. Defendants have provided the additional briefing requested by the court. Dkt. 75. After reviewing the additional briefing, and balance of the record, the Court finds and orders as follows:

Plaintiff's RFP 1 requests "Defendants' personnel files, including promotions, demotions, complaints, any SCC/DSHS investigations, findings, sanctions, reasons for administrative leaves, reasons for termination or resignation, and any other documents relating to their employment history at SCC." Defendants concede that they have a right to demand their personnel files from their employer, but argue that the Plaintiff's request should be denied or strictly limited to

ORDER ON MOTION TO COMPEL - 1

documents in their personnel file that are relevant to the very limited claim at issue. Dkt. 75, p. 2.

Discovery may not be obtained regarding matters that are privileged. Fed. R. Civ. P. 26(b)(1). A state employee's personnel file is privileged under the State public records act. *Dawson v. Daly*, 120 Wn.2d 782, 845 P.2d 554 (1995) (court rejected release of employee's personnel file), disagreed with on other grounds in *Progressive Animal Welfare Soc. v. University of Washington*, 125 Wn.2d 243, 884 P.2d 592 (1994); *Beltran v. DSHS*, 98 Wn. App. 245, 989 P.2d 604 (1999) (social worker's personnel file protected from disclosure except for such information materially relating to the matters contained in the lawsuit). Although generally questions of privilege in civil rights cases brought under federal statutes are resolved by federal law, federal courts should not wholly ignore state laws. *Kelly v. City of San Jose*, 114 F.R.D. 653, 655 (N.D. Cal. 1987). "Rather, it is appropriate for the court to conduct a balancing test, slightly pre-weighted in favor of disclosure, balancing the public interest in disclosure against the interest of maintaining the security of the prison, its staff and inmates as well as the defendant's right to privacy." *See Kelly*, 114 F.R.D. at 661-663.

Plaintiffs' claims that these defendants retaliated against him with regard to two requests for urinalyses (UAs) and his placement in the Direct Testing Program when he refused to submit to the January 23, 2008 UA. Therefore, the court agrees, in general, that materials related to the defendants' promotions and demotions; complaints; SCC/DSHS investigations, findings, and sanctions; their reasons for administrative leaves; their reasons for termination or resignation; and "any other documents relating to their employment history at SCC" are not all relevant to Plaintiff's claims. However, to the extent the personnel files contain performance evaluations, investigations, findings, sanctions and/or other documents relating to specific instances of

ORDER ON MOTION TO COMPEL - 2

misconduct by the Defendants, then such documents should be produced. *See Dawson v. Daly*, 120 W.2d 782, 845 P.2d 544 (1995)(performance evaluations that do not relate to specific instances of misconduct are not subject to disclosure).

Accordingly, Plaintiff's motion for the production of Defendants' personnel files (Dkt. 31) is **GRANTED as to documents in the personnel files that relate to specific instances of misconduct** by the Defendants, if any.

DATED this  23rd  day of November, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER ON MOTION TO COMPEL - 3